IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PROPHET JAMES OLIVER,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:07CV689
                                 )
DENNIS CIOLLI,                   )
JUDGE HARRY E. CALMAR, and       )
JUDGE ANTONIO C. ROBAINA,        )
                                 )
            Defendants.          )

### ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Plaintiff is an abusive filer, who has been filing numerous frivolous actions, and actions outside of the jurisdiction or venue of this Court.[1] As Defendants, Plaintiff lists a Dennis Ciolli who lives in Rhode Island, and two Connecticut state court judges. Plaintiff fails to state any basis for federal jurisdiction. Plaintiff's complaint is that a case "was ficticiously [sic] brought" against him in the state courts of Connecticut. He seems to claim this is the work of organized crime. He fails to relate any of this to the Defendants. For relief, he wants all charges dismissed, Five Million Dollars, and criminal charges brought against Defendant Ciolli.

This matter comes before the Court on Plaintiff's request to proceed in forma pauperis. It is not clear that Plaintiff qualifies because his spouse makes $2,600.00 per month. In addition, because Plaintiff is attempting to use this Court for his

---

[1] 1:07CV610, 1:07CV671, 1:07CV689, 1:07CV698, 1:07CV699, 1:07CV740, 1:07CV741, 1:07CV742, 1:07CV752, 1:07CV753.

own personal or ulterior purposes, this is not the type of case for which pauper's status should be granted and Plaintiff, if he wishes to proceed, must pay the filing fees for the following reasons.

The complaint violates Fed. R. Civ. P. 8. Pursuant to that rule, Plaintiff must state the basis for this Court's jurisdiction. Plaintiff utterly fails to do so. Nothing in the paperwriting remotely suggests any basis for federal jurisdiction. To the extent there might be jurisdiction under 28 U.S.C. § 1332, the complaint fails to disclose any basis for venue in this Court. 28 U.S.C. § 1391. For this reason, the Court finds the complaint itself is deficient and should be dismissed.

The proper disposition of a complaint which is insufficient, verbose, redundant, confusing, ambiguous, unintelligible, prolix, argumentative, etc., is to strike or dismiss it. Brown v. Califano, 75 F.R.D. 497 (D.D.C. 1977). When these deficiencies arise in a complaint where the plaintiff does not pay the filing fees, but seeks to proceed as a pauper, the usual outcome will be to deny pauper's status and dismiss the complaint.

The Court starts with the proposition that when a plaintiff seeks to proceed in forma pauperis, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(e). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual

contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court may consider the de minimis value of the relief sought as a factor which bears on the issue of frivolity. Nagy v. FMC Butner, 376 F.3d 252 (4th Cir. 2004).

A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to the plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). However, facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). Moreover, the Court must have jurisdiction over the subject matter of the action and venue must be in this Court.

When a plaintiff, such as here, fails to disclose any basis for federal court jurisdiction, he fails to satisfy 28 U.S.C. § 1915(e). The same result obtains when the complaint violates Rule 8 to the extent found here, such that any cause of action with respect to the Defendants is speculative, absent, or effectively hidden. Only if the complaint on its face readily shows, without guessing, some non-frivolous federal claim, should the Court allow it. Whitney v. Police Department, No. 98-CV-6178CJS, 1998 WL 317565 (W.D.N.Y. May 19, 1998). Here, the complaint fails to state a basis for federal jurisdiction, names defendants who are not within this Court's venue, no non-frivolous federal claim readily appears on the face of the paperwriting without the Court

speculating, and for the most part requests relief which cannot be given in a civil action, i.e., dismissal of charges and criminal charges being brought against Defendant Ciolli. Therefore, Plaintiff's request to proceed as a pauper should be denied and this action dismissed.

**IT IS THEREFORE ORDERED** that this case be filed solely for the purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that Plaintiff's request to proceed as a pauper be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e) for being frivolous and/or for failing to state a claim upon which relief may be granted.

／s／ Russell A. Eliason
United States Magistrate Judge

October 12, 2007